1
2
3
4
5
6
7

8                   UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   YASMIN SUNDERMEYER,                    No.  2:20-cv-2372 TLN DB P

12              Plaintiff,

13        v.                                FINDINGS AND RECOMMENDATIONS

14   BRITTANY N. LINDE, et al.,

15              Defendants.

16

17        Plaintiff is a former county inmate proceeding through counsel with a civil rights action

18   pursuant to 42 U.S.C. § 1983.  Plaintiff alleges that defendants used excessive force against her in

19   violation of her rights under the Fourteenth Amendment.  Presently before the court is

20   defendants' motion for summary judgment (ECF No. 13) and plaintiff's statement of non-

21   opposition to the motion (ECF No. 15).  For the reasons set forth below, the court will

22   recommend that the motion be granted.

23                              **LEGAL STANDARDS**

24   **I.      Summary Judgment under Federal Rule of Civil Procedure 56**

25        Summary judgment is appropriate when the moving party "shows that there is no genuine

26   dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R.

27   Civ. P. 56(a).  Under summary judgment practice, "[t]he moving party bears the burden of

28   proving the absence of a genuine issue of material fact."  In re Oracle Corp. Sec. Litig., 627 F.3d

                                        1

376, 387 (9th Cir. 2010) (citing <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986)). The moving party may accomplish this by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" or by showing that such materials "do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

"Where the non-moving party bears the burden of proof at trial, the moving party need only prove there is an absence of evidence to support the non-moving party's case." <u>Oracle Corp.</u>, 627 F.3d at 387 (citing <u>Celotex</u>, 477 U.S. at 325); <u>see also</u> Fed. R. Civ. P. 56(c)(1)(B). Indeed, summary judgment should be entered, "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. "[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." <u>Id.</u> at 323. In such a circumstance, summary judgment should "be granted so long as whatever is before the district court demonstrates that the standard for entry of summary judgment, as set forth in Rule 56(c), is satisfied." <u>Id.</u>

If the moving party meets its initial responsibility, the burden shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986). In attempting to establish the existence of this factual dispute, the opposing party may not rely upon the allegations or denials of its pleadings but is required to tender evidence of specific facts in the form of affidavits, and/or admissible discovery material, in support of its contention that the dispute exists. <u>See</u> Fed. R. Civ. P. 56(c). The opposing party must demonstrate that the fact in contention is material, i.e., a fact "that might affect the outcome of the suit under the governing law," <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n</u>, 809

////

2

F.2d 626, 630 (9th Cir. 1987), and that the dispute is genuine, i.e., "the evidence is such that a reasonable jury could return a verdict for the nonmoving party," Anderson, 477 U.S. at 248.

"In evaluating the evidence to determine whether there is a genuine issue of fact, [the court] draw[s] all inferences supported by the evidence in favor of the non-moving party." Walls v. Cent. Costa Cnty. Transit Auth., 653 F.3d 963, 966 (9th Cir. 2011) (per curiam) (citation omitted). It is the opposing party's obligation to produce a factual predicate from which the inference may be drawn. See Richards v. Nielsen Freight Lines, 810 F.2d 898, 902 (9th Cir. 1987). Finally, to demonstrate a genuine issue, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586 (citations omitted). "Where the record is taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. at 587 (quoting First Nat'l Bank, 391 U.S. at 289).

On a motion for summary judgment, it is inappropriate for the court to weigh evidence or resolve competing inferences. "In ruling on a motion for summary judgment, the court must leave '[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts' to the jury." Foster v. Metropolitan Life Ins. Co., 243 Fed.Appx. 208, 210 (9th Cir. 2007) (quoting Anderson, 477 U.S. at 255).

Generally, when a defendant moves for summary judgment on an affirmative defense on which he bears the burden of proof at trial, he must come forward with evidence which would entitle him to a directed verdict if the evidence went uncontroverted at trial. See Houghton v. South, 965 F.2d 1532, 1536 (9th Cir. 1992). The failure to exhaust administrative remedies is an affirmative defense that must be raised in a motion for summary judgment rather than a motion to dismiss. See Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc). On a motion for summary judgment for non-exhaustion, the defendant has the initial burden to prove "that there was an available administrative remedy, and that the prisoner did not exhaust that available remedy." Id. at 1172. If the defendant carries that burden, the "burden shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." Id. The

3

1   ultimate burden of proof remains with the defendant, however.  Id.  If material facts are disputed,

2   summary judgment should be denied, and the "judge rather than a jury should determine the

3   facts" on the exhaustion question, id. at 1166, "in the same manner a judge rather than a jury

4   decides disputed factual questions relevant to jurisdiction and venue," id. at 1170-71.

5   **II.       Exhaustion of Administrative Remedies**

6          Because plaintiff was a county inmate at the time of the events giving rise to the claim and

7   the complaint involves allegations related to the conditions of her confinement, her claims are

8   subject to the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a).  The PLRA

9   mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 .

10  . . or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility

11  until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a).  The

12  exhaustion requirement "applies to all inmate suits about prison life, whether they involve general

13  circumstances or particular episodes, and whether they allege excessive force or some other

14  wrong."  Porter v. Nussle, 534 U.S. 516, 532 (2002).

15         Regardless of the relief sought, an inmate must pursue an appeal through all levels of the

16  facility's grievance process so long as some remedy remains available.  "The obligation to

17  exhaust 'available' remedies persists so long as some remedy remains 'available.'  Once that is no

18  longer the case, then there are no 'remedies . . . available,' and the prisoner need not further

19  pursue the grievance."  Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005) (emphasis and

20  alteration in original) (citing Booth v. Churner, 532 U.S. 731, 736 (2001)).

21         "Under § 1997e(a), the exhaustion requirement hinges on the 'availab[ility]' of

22  administrative remedies: An inmate . . . must exhaust available remedies, but need not exhaust

23  unavailable ones."  Ross v. Blake, 136 S. Ct. 1850, 1858 (2016) (brackets in original).  In

24  discussing availability in Ross the Supreme Court identified three circumstances in which

25  administrative remedies were unavailable: (1) where an administrative remedy "operates as a

26  simple dead end" in which officers are "unable or consistently unwilling to provide any relief to

27  aggrieved inmates;" (2) where an administrative scheme is "incapable of use" because "no

28  ordinary prisoner can discern or navigate it;" and (3) where "prison administrators thwart inmates

4

from taking advantage of a grievance process through machination, misrepresentation, or intimidation." Id. at 1859-60.  "[A]side from [the unavailability] exception, the PLRA's text suggests no limits on an inmate's obligation to exhaust—irrespective of any 'special circumstances.'" Id. at 1856.  "[M]andatory exhaustion statutes like the PLRA establish mandatory exhaustion regimes, foreclosing judicial discretion." Id. at 1857.

"[F]ailure to exhaust is an affirmative defense under the PLRA." Jones v. Bock, 549 U.S. 199, 216 (2007).  It is the defendant's burden "to prove that there was an available administrative remedy." Albino, 747 F.3d at 1172 (citing Hilao v. Estate of Marcos, 103 F.3d 767, 778 n.5 (9th Cir. 1996)).  The burden then "shifts to the prisoner to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies unavailable to him." Id.

A prisoner is required to exhaust administrative remedies before filing suit. McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002) (per curium).  Section 1997e(a) mandates that "[n]o action shall be brought . . . until [the prisoner's] administrative remedies . . . are exhausted. 42 U.S.C. § 1997e(a).  "The 'available' 'remed[y]' must be 'exhausted' before a complaint under § 1983 may be entertained." Booth, 532 U.S. at 738.  "Exhaustion subsequent to the filing of suit will not suffice." McKinney, 311 F.3d at 1199.

**DISCUSSION**

**I.      Allegations in the Complaint**

At the time of the incident giving rise to the claim, plaintiff was a pre-trial detainee housed at the Sacramento County Jail, Rio Cosumnes Correctional Center ("RCCC").  (ECF No. 1 at 3.)  On January 8, 2019, two officers escorted plaintiff from the medical unit back to her cell. When they reached her cell, officers gave plaintiff conflicting instructions regarding removal of her shackles.  (Id.)  Plaintiff asked for clarification.  (Id. at 3-4.)  Without giving plaintiff any further orders, officers forced plaintiff to the ground and put a knee in her back.

Plaintiff began to experience symptoms of an asthma attack.  (Id. at 4.)  She attempted to explain to the officers that she was having difficulty breathing.  Thereafter, plaintiff was taken into the hallway and placed in restraint chair.  As defendant Linde attempted to strap down the

midsection restraining belt, Linde began to ram her knee repeatedly into plaintiff's lower abdomen.  After plaintiff was strapped into the chair, she was taken to a padded cell where she remained for at least four hours.  (Id.)

Plaintiff experienced pain in her lower abdomen following the incident.  She initially believed the pain and associated spotting were related to her menstrual cycle.  When the issues persisted, she sought medical attention.  (Id. at 4-5.)  Plaintiff was eventually had her IUD (intrauterine device) removed to treat her symptoms.  (Id. at 5.)

**II.      Motion for Summary Judgment**

Defendants argue they are entitled to summary judgment because plaintiff failed to exhaust administrative remedies as to her federal claims.  (ECF No. 13.)  In response to defendants' motion, plaintiff filed a statement of non-opposition.  (ECF No. 15.)

**III.     Undisputed Facts**

At the time of the events giving rise to the claim, plaintiff was a pretrial detainee incarcerated at the RCCC.  (ECF No. 1 at 2; ECF No. 13-2 at 1 ¶¶ 1, 2.)  On January 8, 2019, plaintiff was escorted back to her cell by deputies.  (ECF No. 1 at 3; ECF No. 13-3 at 2 ¶ 4.)  The deputies gave plaintiff conflicting commands when they attempted to remove her shackles.  (ECF No. 1 at 3; ECF No. 13-2 at 2 ¶ 4.)  Plaintiff sought clarification from the deputies.  (ECF No. 1 at 3-4.)  In response, she was taken to the ground, handcuffed, and then placed in a restraint chair.  (ECF No. 1 at 4; ECF No. 13-2 at 2 ¶ 5.)

At Sacramento County Jail facilities have five days from the occurrence of an incident to file a grievance.  (ECF No. 13-3 at 63-67; ECF No. 13-2 at 2 ¶ 9.)  Plaintiff did not submit a grievance related to the claim in this action within five days of the incident.  (Id. at 2 ¶ 10.)  Rather, plaintiff submitted a grievance regarding the events giving rise to her claim on August 5, 2019.  (ECF No. 13-2 at 2 ¶ 10; ECF No. 13-3 at 55-58.)

**IV.     Analysis**

Defendants argue plaintiff failed to exhaust administrative remedies by filing a timely grievance regarding the events at issue in this action.  (ECF No. 13 at 4.)  Plaintiff acknowledged during the deposition, that she is familiar with the grievance process used at Sacramento County

1    Jail facilities, including RCCC.  (ECF No. 13 at 2; ECF No. 13-3 at 12.)  Defendants also

2    included grievances filed by plaintiff as an exhibit along with the motion for summary judgment.

3    (ECF No. 13-3 at 19-58.)  Plaintiff further stated during her deposition that she was not prevented

4    from filing a grievance regarding her claims in this action.  (ECF No. 13-3 at 15-16.)  Plaintiff

5    indicated that she submitted a grievance in August because she could not remember whether she

6    had filed a grievance related to her claims in this action.  (Id. at 16.)

7           In light of the evidence put forth by defendants showing plaintiff failed to exhaust

8    available administrative remedies, as well as plaintiff's statement of non-opposition, the

9    undersigned will recommend that plaintiff's federal claims be dismissed for failure to exhaust.

10   See Solis v. Gonzales, 2019 WL 6528883 at *2 (E.D. Cal. Dec. 4, 2019) (recommending

11   summary judgment be granted and retaliation claim be dismissed for failure to exhaust); see also

12   Infra-Lab, Inc. v. KDS Nail Intern, No. CIV. 07-01270 WBS EFB, 2009 WL 161197, at *1 (E.D.

13   Cal. Jan. 22, 2009) (granting defendant's motion for summary judgment based on plaintiff's

14   statement of non-opposition).

15          Additionally, the court declines to exercise supplemental jurisdiction over plaintiff's state

16   law claims because it has recommended that all federal claims over which this court has original

17   jurisdiction be dismissed.  See 28 U.S.C. § 1367(c)(3) (district court may decline to exercise

18   supplemental jurisdiction over state law claims if it has dismissed all claims over which it has

19   original jurisdiction); see also Yearby v. California Dept. of Corr., No. 2:07-cv-KJN P, 2012 WL

20   812382 at *11 (E.D. Cal. Mar. 9, 2012) (dismissing state law negligence claim and declining to

21   exercise supplemental jurisdiction over plaintiff's state law negligence claim after resolving

22   claims over which court had original jurisdiction); Sylvester v. Alameido, No. 2:10-cv-2380 KJN

23   P, 2012 WL 4038421 at *17 (E.D. Cal. Sept. 12, 2012) (same).  The court will recommend that

24   plaintiff's state law claims be dismissed without prejudice.  Should the district court adopt the

25   findings and recommendations plaintiff may pursue his claim in state court pursuant to the time

26   limitations set forth in 28 U.S.C. 1367(d).

27   ////

28   ////

7

1

**CONCLUSION**

2      For the reasons set forth above, IT IS HEREBY RECOMMENDED that defendants'

3 motion for summary judgment (ECF No. 13) be granted.

4      These findings and recommendations are submitted to the United States District Judge

5 assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within fourteen (14)

6 days after being served with these findings and recommendations, any party may file written

7 objections with the court and serve a copy on all parties.  Such a document should be captioned

8 "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9 objections shall be served and filed within fourteen days after service of the objections.  The

10 parties are advised that failure to file objections within the specified time may waive the right to

11 appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12 Dated:  April 15, 2022

13

14                                                    _____

15                                                    DEBORAH BARNES
                                                     UNITED STATES MAGISTRATE JUDGE
16

17

18

19

20

21 DLB:12
   DB/prisoner-civil rights/sund2372.msj fr
22

23

24

25

26

27

28